ERIC D. HOUSER (SBN 130079)
JEFFREY S. ALLISON (173620)
HOUSER & ALLISON
A Professional Corporation
9970 Research Drive
Irvine, CA 926187
Telephone:     (949) 679-1111
Facsimile:      (949) 679-1112

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

## IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDISON BETZOMAYEH | CASE NO: 5:15-cv-03050-LHK |
| Plaintiff, | HON. LUCY H. KOH |
| vs. | |
| EXPERIAN INFORMATION SOLUTIONS, INC.; EQUIFAX, INC.; SPECIALIZED LOAN SERVICING, LLC; OCWEN LOAN SERVICING, LLC; and DOES 1 through 100, inclusive, | **ANSWER TO COMPLAINT** |
| Defendants. | |

**COMES NOW** Defendant Ocwen Loan Servicing, LLC ("Ocwen"), by its counsel herein, and answers the corresponding paragraphs of Plaintiff's Complaint ("Complaint") as follows:

## **INTRODUCTION**

1. In response to paragraph 1, Ocwen denies that it engaged in "unlawful and deceptive practices…in connection with inaccurate reporting of Plaintiff's debt included in Plaintiff's Chapter 13 bankruptcy." Ocwen lacks sufficient

---

**ANSWER TO COMPLAINT**
1

information and belief to admit or deny the remaining allegations, and to the extent an answer is required, denies those allegations.

## JURISDICTION AND VENUE

2. In response to paragraph 2, Ocwen incorporates herein the above paragraph as though set forth in full.

3. In response to paragraph 3, Ocwen lacks sufficient information and belief to admit or deny the allegations and/or legal conclusions.

4. In response to paragraph 4, Ocwen lacks sufficient information and belief to admit or deny the allegations and/or legal conclusions.

## GENERAL ALLEGATIONS

5. In response to paragraph 5, Ocwen lacks sufficient information and belief to admit or deny the allegations and/or Plaintiff's intention.

6. In response to paragraph 6, Ocwen lacks sufficient information and belief to admit or deny the allegations.

7. In response to paragraph 7, Ocwen lacks sufficient information and belief to admit or deny the allegations.

8. In response to paragraph 8, Ocwen lacks sufficient information and belief to admit or deny the allegations.

9. In response to paragraph 9, Ocwen lacks sufficient information and belief to admit or deny the allegations.

10. In response to paragraph 10, Ocwen denies the allegations pertaining to it, and lacks sufficient information and belief to admit or deny the remaining allegations.

11. In response to paragraph 11, Ocwen lacks sufficient information and belief to admit or deny the allegations.

12. In response to paragraph 12, Ocwen lacks sufficient information and belief to admit or deny the allegations.

13. In response to paragraph 13, Ocwen denies the allegations pertaining to it, and lacks sufficient information and belief to admit or deny the remaining allegations.

1    14.    In response to paragraph 14, Ocwen denies the allegations pertaining to it, and
2            lacks sufficient information and belief to admit or deny the remaining allegations.
3    15.    In response to paragraph 15, Ocwen denies the allegations pertaining to it, and
4            lacks sufficient information and belief to admit or deny the remaining allegations.

## FIRST CAUSE OF ACTION

(Violation of Fair Credit Reporting Act

15 U.S.C. § 1681s-2(b)

(Against Defendants and Does 1-100)

9    16.    In response to paragraph 16, Ocwen incorporates herein the above paragraph as
10           though set forth in full.
11   17.    In response to paragraph 17, Ocwen lacks sufficient information and belief to
12           admit or deny the allegations.
13   18.    In response to paragraph 18, Ocwen lacks sufficient information and belief to
14           admit or deny the allegations.
15   19.    In response to paragraph 19, Ocwen lacks sufficient information and belief to
16           admit or deny the allegations.

**Specialized Loan Servicing, LLC and OCWEN Loan Servicing, LLC – Reporting Inaccurate Informationn to Defendants Experian Solutions, Inc. and Equifax, Inc., and Failure to Reinvestigate.**

20   20.    In response to paragraph 20, Ocwen incorporates herein the above paragraph as
21           though set forth in full.
22   21.    In response to paragraph 21, the allegations are in the form of a legal conclusion
23           and does not contain alleged facts requiring an answer from Ocwen.
24   22.    In response to paragraph 22, Ocwen denies the allegations pertaining to it and
25           lacks sufficient information and belief to deny the remaining allegations.
26   23.    In response to paragraph 23, Ocwen denies the allegations pertaining to it and
27           lacks sufficient information and belief to deny the remaining allegations.
28

**ANSWER TO COMPLAINT**
3

24. In response to paragraph 24, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

## SECOND CAUSE OF ACTION

(Violation of California Consumer Credit Reporting Agencies Act

California Civil Code § 1785.25(a))

(Against Defendants and Does 1-100)

25. In response to paragraph 25, Ocwen incorporates herein the above paragraph as though set forth in full.

26. In response to paragraph 26, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

27. In response to paragraph 27, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

28. In response to paragraph 28, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

29. In response to paragraph 29, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

30. In response to paragraph 30, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

31. In response to paragraph 31, Ocwen denies the allegations to the extent they pertain to it.

32. In response to paragraph 31, Ocwen denies the allegations to the extent they pertain to it.

## THIRD CAUSE OF ACTION

(Unfair Business Practices Act

California Business and Professions Code § 17200)

(Against Defendant Creditors and Does 1-100)

58. In response to paragraph 58, Ocwen incorporates herein the above paragraph as though set forth in full.

ANSWER TO COMPLAINT
4

24. In response to paragraph 24, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

## SECOND CAUSE OF ACTION

(Violation of California Consumer Credit Reporting Agencies Act

California Civil Code § 1785.25(a))

(Against Defendants and Does 1-100)

25. In response to paragraph 25, Ocwen incorporates herein the above paragraph as though set forth in full.

26. In response to paragraph 26, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

27. In response to paragraph 27, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

28. In response to paragraph 28, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

29. In response to paragraph 29, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

30. In response to paragraph 30, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

31. In response to paragraph 31, Ocwen denies the allegations to the extent they pertain to it.

32. In response to paragraph 31, Ocwen denies the allegations to the extent they pertain to it.

## THIRD CAUSE OF ACTION

(Unfair Business Practices Act

California Business and Professions Code § 17200)

(Against Defendant Creditors and Does 1-100)

58. In response to paragraph 58, Ocwen incorporates herein the above paragraph as though set forth in full.

59. In response to paragraph 59, Ocwen lacks sufficient information and belief to admit or deny the allegations, and on that basis denies those allegations.

60. In response to paragraph 60, Ocwen lacks sufficient information and belief to admit or deny the allegations, and on that basis denies those allegations.

61. In response to paragraph 61, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

62. In response to paragraph 62, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

63. In response to paragraph 63, Ocwen denies the allegations pertaining to it and lacks sufficient information and belief to deny the remaining allegations.

65. In response to paragraph 65, Ocwen denies the allegations to the extent pertaining to it.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**

### **(Failure to State a Claim)**

Plaintiff's Complaint, and every purported claim therein, fails to allege facts sufficient to state a claim against Defendant Ocwen.

## **SECOND AFFIRMATIVE DEFENSE**

### **(Agency)**

Defendant Ocwen is not liable for any alleged act, omission, or breach by persons or entities which were not authorized to act as an agent or agents on behalf of Defendant Ocwen, or for its employees or agents acting beyond the scope of his/her/its authority.

## **THIRD AFFIRMATIVE DEFENSE**

### **(Mitigation of Damages)**

Upon information and belief, Plaintiff failed to exercise reasonable care and diligence to avoid alleged losses and minimize damages and therefore may not recover for losses, which

could have been prevented by reasonable efforts on his part or by expenditures that might reasonably have been made.  Therefore, Plaintiff's recovery, if any, should be reduced by the failure of Plaintiff to mitigate his alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

### (Waiver, Estoppel or Laches)

Plaintiff's action as against Defendant Ocwen is barred by one or more of the doctrines of waiver, estoppel and/or laches.

### FIFTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

To the extent that Plaintiff seeks relief upon equitable principles, the relief sought may be barred by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

The claims set forth in Plaintiff's Complaint may fail to the extent they have not been brought pursuant to the applicable statutes of limitation, including but not limited to Code of Civil Procedure §§ 337, 338, 339, 340, 343, and 15 U.S.C. §§ 1681 et seq.

### SEVENTH AFFIRMATIVE DEFENSE

### (15 U.S.C. §1681(m) (c), Safe Harbor)

At the time of the alleged failure to comply with section 15 U.S.C. § 1681s -2 (b) of the United States Code, which Defendant Ocwen denies, Defendant had no intent to allegedly violate the act and had in place procedures reasonably adapted to ensure compliance with the provisions of this section.

### EIGHTH AFFIRMATIVE DEFENSE

**(Intervening or superceding cause)**

Upon information and belief, Plaintiff's alleged injury or damages, if any, were proximately caused and/or contributed to by the acts, omissions, or breaches of other Defendants, Cross-Defendants, or other persons or entities, and said acts, omissions or breaches may be the intervening and/or superceding cause of Plaintiff's alleged injury or damages, if any.

### NINTH AFFIRMATIVE DEFENSE

**(Qualified Privilege)**

Defendant Ocwen's alleged acts and omissions, if any, respecting the subject matter alleged in Plaintiff's Complaint, were undertaken in good faith with the absence of in the intent, malicious or otherwise, to injure Plaintiff, and constitute lawful, proper and justified means to further the contractual interests and business purposes of Defendant Ocwen.  Any purported alleged conduct of Defendant Ocwen, or employees, agents or individuals acting on Defendant Ocwen's behalf, is subject to a qualified privilege and defendant was justified in engaging in the conduct attributable to them.

### TENTH AFFIRMATIVE DEFENSE

**(Necessary and/or Indispensable Parties)**

Plaintiff's Complaint fails to the extent Plaintiff has failed to name and include any necessary and/or indispensable parties to afford complete and adequate relief, if any.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Preemption)**

Upon information and belief, one or more of Plaintiff's claims in the Complaint may be preempted by the Fair Credit Reporting Act, 15 U.S.C. §1681h(e), and/or the U.S. Bankruptcy Code.

### TWELFTH AFFIRMATIVE DEFENSE

### (No Vicarious Liability)

Defendant Ocwen is not responsible for the act, omission, conduct or violation of other parties, and any such alleged liability of Ocwen, which is denied, is barred or subject to reduction in proportion with any involvement, act, omission, conduct, violation or liability of other parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (Additional Unstated Defenses)

Defendant Ocwen presently has insufficient knowledge or information upon which to form a belief as to whether or not it has additional, as yet unstated affirmative defenses available. Discovery has not been completed in this case, and additional facts may be uncovered during the course of discovery which give rise to additional affirmative defenses.  Defendant reserves the right to assert additional affirmative defenses in the event that they are indicated by the evidence.

### PRAYER

WHEREFORE, Defendant Ocwen prays for judgment as follows:

1. That Plaintiff takes nothing by was of his Complaint;
2. For Ocwen's reasonable attorney's fees;
3. For costs of suit incurred herein; and
4. For such other and further relief as the Court deems just and proper.

Dated: July 14, 2015        HOUSER & ALLISON
                            A Professional Corporation


                            By: /s/ Jeffrey S. Allison
                                Eric D. Houser
                                Jeffrey S. Allison

                            Attorneys for Defendant
                            OCWEN LOAN SERVICING, LLC

---

**ANSWER TO COMPLAINT**

8